Sneed, J.,
delivered the opinion of the court.
When parties have entered into a written contract, the writing must be treated as a full, perfect, and correct expression of their intent, until the contrary be established beyond controversy. 1 Story’s Eq. Jur., sec. 152.
A court of equity will admit parol evidence to defeat or vary the terms of a writing, upon the ground of fraud, accident, or mistake; but it exacts the clearest and most satisfactory evidence of the existence of such grounds of relief; and, in the absence of such evidence, the writing must be taken as the only veritable exposition of the contract.
In December, 1863, Wry sold to Cutler a tract of land of seventy acres for three thousand dollars, and executed his title bond showing an absolute and unconditional sale, and binding himself to make title when the purchase money was paid, which was secured by Cutler’s four notes, at one, two, three, and four years. After the death of Cutler, this bill' was filed by Wry, alleging that the sale was a mere device to save the property from confiscation or destruction by the Federal government, then at war with the Southern States, of which Tennessee was one, and that Cutler in his lifetime, and after the danger had passed away, *30 ;had refused to give up the property, and was attempting, in disregard of the parol agreement, fraudulently to hold the same.
These averments of the bill are denied in their answer, by Cutler’s widow, heirs, and representatives, who assert that the transaction was an actual sale without conditions.
Much proof was taken, but after a very careful review of it we must pronounce it insufficient to establish the allegations of the bill.
Indeed, beside the deposition of the widow of the complainant, which is incompetent, we have no very clear or satisfactory evidence that the real contract between the parties was as alleged in the bill j while there is much proof tending to the contrary, and some acts and declarations of Wry are shown utterly inconsistent with the theory assumed in this behalf.
The prayer of the bill is for a cancellation of the title bond, and that the complainant be restored to possession, with an account for rents and profits; or that, if this relief be not allowed, the complainant’s lien as vendor be enforced by a sale of the land.
The Chancellor held the contract to be binding as interpreted by the writing, and granted the relief last prayed for, — that the vendor’s lien be enforced. The decree will be affirmed. The costs of this court will be paid by the complainant; the costs below as adjudged there.